# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

              Plaintiff,

v.

Shante Barnwell,

              Defendant.

**REPORT AND
RECOMMENDATION**
10-CR-6052L

## Preliminary Statement

Currently before the Court are motions by defendant Shante Barnwell (Barnwell) to suppress tangible evidence found, pursuant to two search warrants, in Barnwell's premises located at 588 Garson Avenue, and for severance.  (Docket # 45).  The Government has filed papers in opposition to these motions.  (Docket # 67). By text Order of Judge David G. Larimer, dated March 10, 2010, all pre-trial motions have been referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(A)-(B).  (Docket # 10).  The motions were argued on March 1, 2011, at which time all motions except for the aforementioned motions to suppress and for severance were decided by the Court.  The following is my Report and Recommendation as to the defendant's remaining motions.

## Relevant Facts

The defendant Shante Barnwell is charged along with five other defendants with several narcotics and firearm related crimes.

Specifically, Barnwell is charged with conspiring with others to possess and distribute crack cocaine (Count I), powder cocaine (Count XII) and possessing a firearm in furtherance of a drug trafficking crime (Count XIII).  In furtherance of the investigations, law enforcement executed two search warrants at Barnwell's residence at 588 Garson Avenue in the City of Rochester. The first warrant was signed by Monroe County Court Judge John Connell on November 30, 2009, and was executed on December 1, 2009. The second was signed by the undersigned on March 5, 2010, and was executed that same day.  Defendant challenges the sufficiency of probable cause supporting the two search warrants.  (Docket # 45).

## Discussion

### A.  Barnwell's Motion to Suppress the Search Warrants:

Defendant Shante Barnwell moves pursuant to the Fourth Amendment to suppress any tangible evidence obtained from two separate search warrants executed on Barnwell's premises located at 588 Garson Avenue in the City of Rochester, New York.  The first search warrant was signed by Monroe County Court Judge John Connell on November 30, 2009, and was executed on December 1, 2009.  The second search warrant was signed by the undersigned on March 5, 2010, and was executed that same day.

Barnwell challenges the sufficiency of probable cause supporting the two search warrants.  (Docket # 45).  Probable cause

2

to search a place exists if the issuing judge finds a "fair probability that contraband or evidence of a crime will be found in a particular place." United States v. Ponce, 947 F.2d 646, 650 (2d Cir. 1991)(quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)). In determining the existence of probable cause, courts must apply a totality of the circumstances analysis. Id.  In the context of narcotics trafficking, surveillance and controlled buys of narcotics using confidential informants or undercover police officers can provide the basis for probable cause.  See, e.g., United States v. Miles, No. 05-CR-59A, 2006 WL 2403464, at *5 (W.D.N.Y. Aug. 18, 2006)(search warrant was supported by probable cause where confidential informant had personal knowledge of criminal activity which occurred in temporal proximity to warrant application).

   1.  The December 1, 2009 Search: The December 1, 2009 search of Barnwell's home was based on the supporting affidavit of Rochester Police Officer Scott Hill.  Officer Hill relates that in November 2009, Melvin Scott and co-defendant Delon Williams had both been under investigation for suspicion of drug trafficking and illegal firearms possession activities.  In his affidavit Hill describes two other search warrants executed during the investigation which yielded drugs and weapons.  In addition, Hill recounts "controlled buys" of narcotics which Hill describes as related to Melvin Scott's drug activity.  Officer Hill then

discloses that on November 19, 2009 he participated in the arrest of Scott on drug charges and that Scott was incarcerated in the Monroe County Jail where he was making phone calls to his girlfriend identified as "Tasha."[1]  Officer Hill states that he had listened to the phone calls and that during the calls Scott asks "Tasha" to retrieve and secure money that he kept in the Garson Avenue home.[2]  Scott also directs that "Tasha" retrieve the car he was driving when he was arrested from the City's impound lot. According to Hill's affidavit, "Tasha's" phone number "returns to 588 Garson Avenue" and Scott's impounded car was seen at 588 Garson Avenue after it was retrieved from the impound lot.

I agree with Barnwell that Hill's affidavit is not a model of clarity and detail when it comes to establishing probable cause. Officer Hill does not set forth in a narrative fashion information that would make for a more reasoned probable cause analysis.  For example, Hill alleges that his investigation since June 2008 established Scott as a drug dealer but does not provide any investigatory facts.  Hill states that based on "controlled buys" Scott was determined to be making cocaine sales, but does not reveal when the buys were made, or whether Scott was even a

---

[1]  The Indictment alleges that Barnwell is also known as "Tasha."

[2]  The government has provided transcripts of the taped conversations to the Court and the transcripts confirm that Scott and "Tasha" discuss Scott's demand that "Tasha" retrieve and secure money.

-4-

participant in the sales.  Hill alleges that during the phone conversations Scott speaks not only of retrieving money, but also engages in "coded conversation" about drugs and weapons.  However, Hill does not describe the conversations or give their dates or describe the code or what facts allowed him to conclude that the conversation was referencing drugs or weapons.

The Court need not determine whether probable cause existed, however, because even if it was lacking, the warrant was not so facially deficient that the executing officers could not have reasonably presumed it to be valid.  United States v. Leon, 468 U.S. 897, 923 (1984).  "Leon instructs that officers cannot reasonably rely on a warrant issued on the basis of an affidavit 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.'"  United States v. Clark, 638 F.3d 89, 103 (2d Cir. 2011)(quoting Leon, 468 U.S. at 923).  The warrant issued here does not meet this high threshold for invalidity.  While the factual detail in the application is sparse, Officer Hill does inform the issuing judge that (1) Scott was under active investigation for narcotics trafficking; (2) the investigation had resulted in the execution of search warrants that yielded evidence of drug trafficking; (3) after being arrested for possession of narcotics on November 19, 2009 Scott repeatedly called his girlfriend "Tasha" and directed her to retrieve money stored in a safe; (4) the safe was located at Scott's rented

-5-

apartment; (5) "Tasha's" phone number was associated with 588 Garson Avenue; (6) pursuant to Scott's instructions "Tasha" also picked up the vehicle Scott was driving at the time of his arrest and brought the car back to her home at 588 Garson Avenue; and (7) Hill was an experienced police officer, well aware of the ways that drug traffickers operate. Put differently, while weak in substance, this was not a warrant application "totally devoid of factual circumstances to support conclusory allegations." United States v. Clark, 638 F.3d at 103; see United States v. Cancelmo, 64 F.3d 804, 807 (2d Cir. 1995)(any error made in issuing search warrant was "attributable to the magistrate who determined that the facts as alleged by the agents established probable cause"). Accordingly, "the government is entitled to claim the benefit of the good faith exception to the exclusionary rule." United States v. Clark, 638 F.3d at 105.

   2. The March 5, 2010 Search: The March 5, 2010 search was issued by the undersigned and was supported by the affidavit of ATF Special Agent John Hayes. As with the December 1, 2009 warrant, the search was directed at 588 Garson Avenue. In his supporting affidavit Agent Hayes informed the Court that their ongoing investigation of Melvin Scott and Delon Williams revealed that they sold "significant quantities of crack cocaine," possessed "numerous firearms" and used "several girlfriends to conceal" drugs, weapons and cash. See Exhibit "3" annexed to Docket # 67. Hayes's

-6-

affidavit was more detailed than Officer Hill's and informed the Court that (1) after his arrest on drug possession charges Scott called Barnwell and discussed his drug trafficking activities, (2) told Barnwell where he stored drugs, money and firearms, and (3) arranged for Barnwell to retrieve a safe belonging to Scott that contained several thousand dollars and a quantity of cocaine and take it to 588 Garson Avenue. Hayes informed the Court that based on the aforementioned facts, on December 1, 2009 a search was executed at 588 Garson Avenue during which agents found the safe containing drug packaging materials and ammunition. Also located and seized at 588 Garson Avenue were an operational machine gun and cash hidden under a mattress.

Agent Hayes's affidavit also brought the Court up to date on recent activity at Garson Avenue. He stated that Scott had been released from custody on January 27, 2010, that on March 9, 2010 the federal grand jury had indicted Scott and Barnwell on narcotics trafficking and firearm charges and that a car registered to Barnwell but driven by Scott had been seen parked at the Garson Avenue residence. When law enforcement went to arrest Scott and Barnwell at the Garson Avenue address on March 5, 2010, they once again found a large safe in the master bedroom. Based on the totality of their investigation and the fact that Scott had used 588 Garson Avenue before to store contraband and cash associated with drug trafficking, Agent Hayes applied to the Court for a

warrant to once again search 588 Garson Avenue.   After reviewing the warrant application I found probable cause and authorized the search.   I have reviewed the warrant application again in connection with the instant motion to suppress and reach the same conclusion -- based on the totality of circumstances, there existed a fair probability that contraband or evidence of a crime would be found at 588 Garson Avenue.   See United States v. Clark, 638 F.3d at 94.   Accordingly, I believe the warrant was supported by probable cause and hence properly issued.

**B. Barnwell's Motion for Severance**:   Barnwell has moved for severance pursuant to Rules 8 and 14 of the Federal Rules of Criminal Procedure.   (Docket # 45).   Originally, there were six defendants; three have negotiated pleas and, as a result, there are three defendants remaining, including defendant Barnwell and defendants Melvin Scott and Delon Williams.   Barnwell argues that she "will be severely prejudiced unless she is afforded a separate trial" because "the jury will be unable to accurately assess the limited amount of evidence that relates solely to [her], because of the inevitable 'spill-over' effect."   See Affirmation of James P. Vacca, Esq. (hereinafter "Vacca Aff.") attached to Docket # 45 at ¶ 72.   Barnwell asserts that her involvement was much less than that of Scott and Williams and there are "vastly greater amounts of evidence against" the other defendants.   Id.

Pursuant to Rule 14, if the joinder of defendants "for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). As the Supreme Court has noted, "[j]oint trials play a vital role in the criminal justice system" because "[t]hey promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." Zafiro v. United States, 506 U.S. 534, 537 (1993)(internal quotation marks and citations omitted). Accordingly, although the decision whether to grant severance lies within the district court's "sound discretion," severance should be granted only where there is a danger of substantial prejudice, namely "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Id. at 539. Moreover, where, as here, "'spillover evidence' is alleged as a ground for a Rule 14 severance, the defendant's burden to demonstrate substantial prejudice resulting in an unfair trial is heavy." United States v. Mullen, 243 F.R.D. 54, 74 (W.D.N.Y. 2006).

Here, defendant has not met her "substantial burden" of proving that her role in the alleged conspiracy warrants a separate trial from the other defendants. Her arguments largely center on "spillover" prejudice and jury confusion that she contends would be likely if the remaining three defendants and charges are tried

together.   Barnwell's arguments in this regard are based on her contention that there is "vastly greater amounts of evidence against" the other two defendants.   Barnwell, however, has fallen far short in showing that she would suffer substantial prejudice if she is tried together with the other two defendants.   "[D]iffering levels of culpability and proof are inevitable in any multiple defendant trial and, standing alone, are insufficient grounds for separate trials."   See Mullen, 243 F.R.D. at 74 (citation omitted). Accordingly, it is my Report and Recommendation that defendant Barnwell's motion for severance (Docket # 45) be denied.

## Conclusion

For the foregoing reasons, it is my Report and Recommendation that defendant's motions to suppress and for severance be **denied**. **SO ORDERED.**

                          /s/ Jonathan W. Feldman
                          JONATHAN W. FELDMAN
                        United States Magistrate Judge


Dated:     July 6, 2011
           Rochester, New York

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).[3]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**SO ORDERED.**

                    /s/ Jonathan W. Feldman
                    JONATHAN W. FELDMAN
                    United States Magistrate Judge

Dated:      July 6, 2011
            Rochester, New York

_____

[3] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(f) commences with the filing of this Report and Recommendation.  Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed.  United States v. Andress, 943 F.2d 622 (6th Cir. 1991); United States v. Long, 900 F.2d 1270 (8th Cir. 1990).

-11-