UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                           Plaintiff,

                                                     DECISION AND ORDER

                                                     10-CR-6052L

                           v.

SHANTE BARNWELL,



                           Defendant.
_____

       This Court referred all motions in this criminal case to United States Magistrate Judge Jonathan W. Feldman pursuant to 28 U.S.C. § 636(b). In the course of pretrial proceedings, the defendant filed a motion to suppress evidence obtained pursuant to search warrants. Magistrate Judge Feldman heard argument and reviewed the papers and on July 6, 2011, issued a Report and Recommendation (Dkt. #130) relating to a warrant signed by Monroe County Court Judge John Connell which was executed on December 1, 2009, and a later search warrant which was signed by Magistrate Judge Feldman and executed on March 5, 2010.

       The Magistrate Judge's Report and Recommendation recommended denying the motions to suppress. Magistrate Judge Feldman also ruled on the defendant's motion for a severance.

       The defendant has filed an objection (Dkt. #135) to the Report and Recommendation. The only issue raised in defendant's objection is a challenge to the December 1, 2009 search conducted pursuant to the warrant issued by Judge Connell.

       Defendant claims that the warrant application was facially deficient and, therefore, the executing officers were unreasonable in relying upon it. Magistrate Judge Feldman found to the contrary and concluded that, although the factual matters set forth in the affidavit were not strong,

the application was not totally devoid of any factual matters. In sum, Magistrate Judge Feldman concluded that because the warrant was not facially deficient, the executing officers had good reason to rely upon it and they were reasonable in presuming the warrant to be valid. Under those circumstances, the Government, and the executing officers, are entitled to the good-faith exception established many years ago by the United States Supreme Court in *United States v. Leon,* 468 U.S. 897, 923 (1984). Magistrate Judge Feldman concluded that the warrant does not meet the "high threshold for invalidity," and therefore suppression of items seized was not warranted. I concur in that judgment and assessment having reviewed the application submitted to County Court Judge Connell.

## CONCLUSION

I accept and adopt the Report and Recommendation (Dkt. #130) of Magistrate Judge Jonathan W. Feldman. Defendant's motion to suppress evidence obtained from two search warrants is denied as is defendant's motion for severance.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       August 1, 2011.